The opinion of the court was delivered by
DeBlanc, J.
On the 12th of May, 1872, Clement Hebert sold to Joseph Dejean a plantation, situated in the parish of St. Landry, for the price of $1700, payable as hereafter mentioned, to wit: $500 on the day of the sale, $500 on the 1st of January 1874, and the balance on the 1st of January 1875. For the credit portion of the price, Dejean furnished two notes, which were not paid at their maturity.
On ■che 24th of November 1876, Clement Hebert applied for and obtained an order of seizure and sale, commanding the sheriff to seize and sell the plantation conveyed by Hebert to Dejean, to satisfy the balance due by the latter to the former. At the foot of the petition praying for the seizure and sale there is the order granting the creditor’s applica *730 tion, and — under it — the following declaration signed by Dejean: “I accept service of the preliminary notices required by law, and waive all legal delays, provided the property be not sold before the 1st of January 1877.”
In accordance with the order of the court, and at the date fixed by the agreement, the sheriff was proceeding to execute the writ of seizure and sale, when he and the creditor were enjoined and prohibited from selling the property seized, on the grounds :
1. That it does not appear that Dejean gave a privilege or mortgage to secure the payment of the notes sued upon.
2. That, as no such declaration is to be found in the act of sale, that act does not import a confession of judgment.
The district court dissolved the debtor’s injunction, rejected the creditor’s claim for damages, and reserved the latter’s right of action on the injunction bond. The debtor has appealed.
The decision of the lower court conforms to the facts and the law.
The creditor may renounce to his mortgage and privilege, as vendor; but the vendee who takes the property, without paying the price, cannot, by any special acknowledg ment of a privilege conferred by law, add to his vendor’s right: that right, that high privilege, needs no acknowledgment of the debtor, no declaration of the notary, to exist, to follow, to remain attached to the property, until satisfaction of the price and every fraction of the price.
Rev. 0. 0. 3249.
“ Ce que la loi protege essentiellement, ce qu’elle met sous la sauvegarde du privilege, c’est la transmission de la proprióté; ce qu’elle veut assurer, c’est l’éxecution dans toutes ses parties, dans toutes ses conséquences, du contrat par lequel le propriétaire abandonne sa chose et la. livre sous la condition de rocevoir en retour les sommes ou les valeurs qui sont le prix en vue duquel il s’est dessaisi. Done la faveur du privilege s’attachera aux conventions de l’espéoe des que la transaction aura le caractere et les effets de la vente, bien que l’acte qui la constate n’en porte pas la qualification.”
Paul Pont on the 2103d art. of the N. C.
That, though it was not specially reserved, Hebert has a privilege, is not only not denied, but admitted. It is urged, however, that — in form — the act on which he relies does not import a confession of judgment. That distinction is not in the law; a privilege asserted by the Oode is not inferior to a privilege asserted by the notary’s pen.
The act from Hebert to Dejean was passed before a notary, and in the presence of two witnesses. In that act Dejean acknowledged the identical debt for which he is sued. That.act, and the notes identified with it by the notary’s paragraph, evidence a contract secured by a *731 privilege. That act imports a confession of judgment, and under its-terms and the law, the creditor was entitled to executory process.
C. P. 732, 733, 734.
The order of seizure and sale is so far a judgment that it can be-appealed from ; but it is not a judgment in the true legal sense of the term; it does not possess all its features. It is granted without citation, decides no issue, adjudicates no right in addition to those mentioned in the act, and the party enjoining such an order can — with his surety — be held liable but by an action on the bond.
It is, therefore, ordered, adjudged and decreed that the judgment appealed from be and it is hereby affirmed with costs.